**Nicholas JANNES, et al., Plaintiffs,**

v.

**MICROWAVE COMMUNICATIONS, INC., et al., Defendants.**

**No. 69 C 2252.**

United States District Court,
N. D. Illinois, E. D.

Dec. 18, 1974.

See also, D.C., 385 F.Supp. 759.

Isham, Lincoln & Beale, Charles A. Bane, Peter C. John, George W. Gillmor, Chicago, Ill., for plaintiffs.

Jenner & Block, Lynne McNown, Levy & Erens, Jay Erens, Kirkland & Ellis, Reuben L. Hedlund, Alan I. Becker, Altheimer & Gray, Lionel G. Gross, Ronald J. Sklar, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Chief Judge.

This motion is before the court on the joint memorandum of defendants Hermes, Pree, Barrett, Phillips and Goeken in opposition to plaintiffs' motion for leave to file their Fifth Amended Complaint. For the reasons hereinafter stated, plaintiffs' motion is denied.

This derivative securities fraud action was brought by a shareholder of MCI on behalf of MCI against MI–COM, the corporation that presently owns a significant portion of the stock of MCI, the Chairman of MI–COM, William G. McGowan, and former MCI directors, including John D. Goeken.

On November 15, 1974, this court, pursuant to defendants' motion for summary judgment, ordered that MI–COM be precluded from recovering as an MCI shareholder in this action. *See* Bangor Punta Operations, Inc. v. Bangor & Aroostook Railroad Company, 417 U.S. 703, 94 S.Ct. 2578, 41 L.Ed.2d 418 (1974). Plaintiffs then proceeded to seek leave to file their Fifth Amended Complaint, allegedly complying with this court's November 15, 1974 order.

It appears to the court that the November 15, 1974 order has been the source of some confusion. In that order this court held "that equity demands that the remaining qualified shareholders be permitted to recover in this derivative action in their personal capacities." Thus, this action remains one of a derivative nature, and prevailing qualified shareholders are permitted to recover personally. This court's November 15, 1974 order held that MI–COM was not a qualified shareholder.

Thus, even if plaintiffs prevail, their recovery is limited to that recovery which is due them in their personal capacities—their pro rata share of what the corporation as a whole would receive if it were permitted to recover in the usual derivative type of action. "Under this procedure, damages are distributed to the minority shareholders individually on a proportional basis, even though the action is brought in the name of the corporation to enforce primary rights." 417 U.S. at 718, 94 S.Ct. at 2587, n. 15.

This court is of the opinion that plaintiffs' Fifth Amended Complaint ignores the concept of pro rata recovery as required by this court's November 15, 1974 order.

It is hereby ordered that plaintiffs' motion for leave to file their Fifth Amended Complaint be, and is hereby, denied.